NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Terence P. HOUSTON, :
:
    Plaintiff, : Civ. No. 09-cv-3530
:
v. : OPINION & ORDER
:
MERCER COUNTY; Nancy Bardachino, :
:
    Defendants. :
:

THOMPSON, U.S.D.J.,

    This matter comes before the Court upon Plaintiff's Motion for Partial Summary Judgment [11]. The motion has been decided upon the papers without oral argument. For the reasons stated below, the motion is DENIED.

    Plaintiff is a prisoner at Mercer County Correction Center ("MCCC") proceeding as a pro se litigant. In his complaint he alleges that, on May 3, 2009, he was attacked and badly injured by two other prisoners. (Compl. ¶ 6.) He further alleges that Defendants were aware of "rampant inmate-on-inmate violence" at MCCC but that they did nothing to try to cure those conditions. (Id. at ¶¶ 6-7.) Plaintiff claims that this was reckless and constitutes deliberate indifference to his safety. (Id. at 7; Mot. for Partial Summ. J. 2.) He sued defendants under 42 U.S.C. § 1983 for violating his constitutional rights, and has now moved for summary judgment.

    Summary Judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In resolving a

1

motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986). If the movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In his motion papers, Plaintiff ostensibly bases his claim on a violation of his Fourteenth Amendment Due Process rights under the state-created danger theory articulated in Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996). However, since Plaintiff is a ward of the state, his claim should be analyzed under the "conditions of confinement" theory instead, [1] which requires a showing of (1) deprivation of the minimal civilized measure of life's necessities, and (2) deliberate indifference on the part of state actors. Wilson v. Seiter, 501 U.S. 294, 298-303 (1991). A "substantial risk of serious harm" at the hands of other inmates qualifies as a deprivation of life's necessities. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To succeed in his motion, Plaintiff must put forward uncontroverted evidence that he faced a pervasive risk of harm and that prison personnel were aware of this risk and consciously

---

[1] Courts have an obligation to construe pro se filings liberally and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). It bears noting that while conditions of confinement cases have predominately arisen under the Eighth Amendment, they also may arise under the Due Process Clause. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989) (noting that the state's failure to provide for confined persons' basic human needs transgresses both the Eighth Amendment and the Due Process Clause). In fact, shifting from a "state-created danger" theory to a "conditions of confinement" theory will not substantially alter the Court's analysis, since both theories require proof of substantial, foreseeable risk and of willful disregard by state actors. Compare Kneipp, 95 F.3d at 1208-09 with Wilson v. Seiter, 501 U.S. 294, 298-303 (1991).

disregarded it.  Such a risk is not proven by showing that there were "isolated incidents" of violence, but "it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  In support of his motion, Plaintiff relies exclusively on a two-page affidavit.  In that affidavit, he assets that inmate-on-inmate violence is "well documented" and points to sources that document this violence, but he does not produce any of this documentation himself.  (See Houston Aff. 1.)  Nor does the Plaintiff's declaration give any description of a climate of inmate violence.  Plaintiff bears the burden to put forth facts sufficient to prove his case, and until he either produces first-hand documentation of rampant prison violence or at least testifies (through an affidavit) as to that pattern of violence himself, he has not met his burden.

Furthermore, Plaintiff's assertions that prison personnel were aware of the substantial risks he faced and deliberately disregarded those risks are called into question by the affidavits submitted in support of defendants' opposition to Plaintiff's motion.  Those affidavits tend to show that prison personnel were aware of the potential risks posed by other prisoners and took steps to prevent harm to Plaintiff.  In light of this evidence, Plaintiff cannot establish that he is entitled to judgment as a matter of law.

For the reasons stated above, it is ORDERED, on this 20th day of October, 2009, that Plaintiff's Motion for Partial Summary Judgment [11] is DENIED.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J