NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Terrence P. HOUSTON,

    Plaintiff,

v.

MERCER COUNTY and Nancy Bardachino,

    Defendants.

Civ. No. 09-3530

OPINION & ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff's Second Motion for Summary Judgment [docket # 22]. The Court has considered the motion upon the written submissions of the parties and without oral argument. For the reasons given below, the motion is DENIED.

    Plaintiff is a prisoner at Mercer County Correction Center ("MCCC") proceeding as a pro se litigant. In his complaint he alleges that, on May 3, 2009, he was attacked and badly injured by two other prisoners. (Compl. ¶ 6.) He further alleges that Defendants were aware of "rampant inmate-on-inmate violence" at MCCC but that they did nothing to try to cure those conditions. (Id. at ¶¶ 6-7.) Plaintiff claims that this was reckless and constitutes deliberate indifference to his safety. He sued defendants under 42 U.S.C. § 1983 for violating his constitutional rights, and has now moved for summary judgment.

    Summary Judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In resolving a motion for summary judgment, the court must determine "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986). If the movant's motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

     To succeed on his claim, Plaintiff must prove that he faced a pervasive risk of harm and that prison personnel were aware of this risk and consciously disregarded it. Such a risk is not proven by showing that there were "isolated incidents" of violence, but "it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).

     The instant motion is substantially similar to the motion Plaintiff filed on September 18, 2009, which this Court denied on October 21, 2009. Once again, Plaintiff alleges, via affidavit, that inmate-on-inmate violence at MCCC is rampant. The only relevant difference between that motion and this one is that in that motion, Plaintiff argued that inmate-on-inmate violence was well-documented in various sources that are not part of the record in this case, whereas in this motion, Plaintiff testifies to some of these problems himself. However, many of the facts to which Plaintiff testifies cannot possibly be based on first-hand knowledge, including the precise number of acts of violence that occurred between 2007 and 2009, the discussions and evaluations policymakers had with respect to reports of inmate violence, and information regarding whether

surveillance cameras in the facility are actively monitored by prison personnel. Plaintiff must produce the evidence which proves these allegations first hand.

Furthermore, even if Plaintiff were able to establish that he faced a "pervasive risk of harm," there would remain a material question of fact as to whether prison personnel deliberately disregarded those risks. Defendants submitted several affidavits in support of their opposition to Plaintiff's first motion for summary judgment. Those affidavits tend to show that prison personnel were aware of the potential risks posed by other prisoners and took steps to prevent harm to Plaintiff. In light of this evidence, Plaintiff cannot establish that he is entitled to judgment as a matter of law.

For the foregoing reasons, it is ORDERED, this 8th day of March, 2010, that Plaintiff's Second Motion for Summary Judgment [22] is DENIED.

                                                  */s/  Anne E. Thompson*
                                                    ANNE E. THOMPSON, U.S.D.J.