NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Terence P. HOUSTON, | |
| Plaintiff, | Civ. No. 09-3530 |
| v. | OPINION & ORDER |
| MERCER COUNTY and Nancy BARDACHINO, | |
| Defendants. | |

THOMPSON, U.S.D.J.,

## I.   INTRODUCTION

This matter comes before the Court upon Defendants' Motion for Summary Judgment [docket # 30] and Plaintiff's Motion for Summary Judgment [33].  The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons given below, Defendants' Motion is GRANTED and Plaintiff's Motion is DENIED.

## II.   BACKGROUND

Plaintiff Terence Houston is an inmate incarcerated at Mercer County Correction Center ("MCCC").  On the evening of May 3, 2009, he was attacked in his cell by fellow inmates Kenneth Darby and Anthony Brown. [1]  Corrections personnel did not witness the attack, although an Internal Affairs report suggests that Defendant Nancy Bardachino—a corrections officer—made rounds past Plaintiff's cell during the attack but that Plaintiff's cell door was

---

[1] Plaintiff's alleges that the attack took place at approximately 8:34 p.m. (Pl.'s Mot. Summ. J. 2), but Plaintiff has not submitted any evidence in support of this allegation.  A report filed by Sergeant Crystal James puts the attack at about 7:30 p.m.  (See Defs.' Mot. Summ. J. Ex. C., at 3.)  The timing of the attack is not a material fact and therefore does not preclude resolving this matter on summary judgment.

closed and two inmates were standing in front of the cell door.  (*See* Defs.' Mot. Summ. J. Ex. C., at 3.)  At approximately 9:00 p.m., Darby approached Bardachino and told her that Plaintiff was "not feeling well."  Bardachino went to Plaintiff's cell, where she observed that Plaintiff had marks on his face.  She then called Sergeant Victor, who took Plaintiff to the MCCC medical center.  Darby then confessed to Bardachino that he was Plaintiff's attacker.  Criminal charges were filed against Darby and Brown for the assault.  (*Id.* at 4.)

Plaintiff filed this lawsuit on July 7, 2009, alleging that Defendants violated his constitutional rights.  While the Complaint does not enumerate explicitly which constitutional rights he believes have been violated, his allegations are best read as asserting a claim for cruel and unusual conditions of confinement in violation of the Eighth Amendment and a claim for denial of access to the courts in violation of the First Amendment.  Both Plaintiff and Defendants have now moved for summary judgment.

## III. <u>ANALYSIS</u>

### A.  <u>Standard of Review</u>

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In resolving a motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986).  More specifically, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party.  *Id.* at 248-49.  If the motion is supported by facts, the party opposing summary judgment "may not rely merely on allegations or denials in

its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

      B. <u>Plaintiff's Eighth Amendment Claim</u>

      Plaintiff alleges that Defendants were aware of an ongoing pattern of inmate-on-inmate violence at MCCC but did not take appropriate steps to minimize violence to prisoners. He further alleges that Bardachino was specifically aware of these risks but that she neglected to perform her duty to monitor the inmates on the day the attack took place. An inmate has a "right to be protected from constant threats of violence and sexual assault from other inmates." *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985). To prove a violation of this right "an inmate must show a pervasive risk of harm to inmates from other prisoners . . . and that the prison officials have displayed deliberate indifference to the danger." *Id.* (quotations omitted). The first prong, pervasive risk of harm, "may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." *Id.* (quoting *Shrader v. White,* 761 F.2d 975, 978 (4th Cir. 1985)). The second prong, deliberate indifference, requires "more than ordinary lack of due care." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A plaintiff "must present enough evidence to support the inference that the defendants knowingly and unreasonably disregarded an objectively intolerable risk of harm." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 132 (3d Cir. 2001) (internal quotations omitted). The knowledge element is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.*

at 133.  Plaintiff can prove Defendants had actual knowledge of the risk by presenting facts suggesting (1) that Defendants were informed of a specific risk of harm to himself or other inmates, or (2) that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented" or otherwise obvious to them.  *See Wallace v. Hayman*, Civ. No. 09-5644, 2010 WL 2560490, at *6 (D.N.J. 2010) (quoting *Farmer,* 511 U.S. at 842).

In this case, Plaintiff's claim does not survive summary judgment because he has not produced evidence sufficient to support a finding that either defendant had knowledge of an objectively intolerable risk to Plaintiff and deliberately ignored the risk.  None of the evidence demonstrates a risk of harm specific to Plaintiff.  Plaintiff has not shown that Defendants were aware of any threats made by his attackers.  *See Hemphill v. Ocean County Dep't of Corr.*, Civ. No. 05-1950, 2006 WL 2470608, at *5 (D.N.J. 2006) (finding no substantial risk when, prior to attack, neither plaintiff nor prison officials knew of any threats suggesting that plaintiff would be assaulted).  Nor is there evidence that his attackers had a prior pattern of violence toward Plaintiff or other inmates.  *See Williams v. Brown*, Civ. No. 05-796, 2007 WL 2079935, at *3 (D.N.J. 2007) (finding assault was "an isolated attack" when the attacker had no history of violence while in prison).

Plaintiff instead supports his claim with the allegation that inmate-on-inmate violence was rampant at MCCC.  (Pl.'s Mot. Summ. J. 10.)  Defendants concede that 462 instances of inmate-on-inmate violence were reported between 2007 and 2009.  (*Id.* Ex. I, at 5.)  However, even if this figure were sufficient to show that violence is pervasive at MCCC, it does not show that Defendants deliberately ignored the risk.  To the contrary, the evidence shows that once Defendants became aware of the risk to Plaintiff's safety and the dangerousness of his attackers, they took reasonable steps to address the problem: they placed Plaintiff in protective custody, his

cell was searched for weapons, Darby and Brown were placed in pre-hearing detention, the Internal Affairs Unit conducted an investigation, and criminal charges were filed against Darby and Brown.  (*See* Defs.' Mot. Summ. J. Ex. C, at 2-6).  At most, Plaintiff's proposed evidence amounts to an allegation that, while conducting rounds, Bardachino negligently failed to notice and stop the attack while it was ongoing.[2]  However, negligence alone is insufficient to prove a violation of the Eighth Amendment.  *Farmer*, 511 U.S. at 835.

Moreover, Defendant Mercer County, as a local government unit, cannot be liable under § 1983 solely on a theory of respondeat superior.  *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978).  In order for Mercer County to be liable, the plaintiff must identify a policy or custom of the entity that caused the constitutional violation.  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997).  Here, Plaintiff has produced no evidence that Defendants have a custom or policy that resulted in deliberate indifference to a pervasive risk of harm to Plaintiff.  Instead, his complaint is that Bardachino failed to follow the proper policies when she made her rounds.  However, Mercer County is only liable for the transgressions of its subordinates if it "knew of, participated in or acquiesced in such conduct." *Capone v. Marinelli*, 868 F.2d 102, 106, at n. 7 (3d. Cir. 1989).  Plaintiff has produced no evidence that would support this.

As Plaintiff would bear the burden of proof on this element at trial, it is his burden to come forward with evidence of that element in order to resist Defendants' Motion for Summary Judgment.  He has not done so, so judgment will be entered in favor of Defendants on his Eighth Amendment claim.

---

[2] Plaintiff's allegation that Bardachino opened the door to his cell during the assault to let one of the attackers out is wholly unsupported.

C.  <u>Plaintiff's First Amendment Claim</u>

The First Amendment ensures to each inmate a right of effective access to the courts.

*See*, *e.g.*, *Lewis v.* Casey, 518 U.S. 343, 350 (1996).  Accordingly, prison officials are prohibited

"from actively interfering with inmates' attempts to prepare legal documents . . . or file them."

*Id.* (citations omitted).  A prisoner advancing a claim of denial of access to the courts must show

not merely that his legal resources are "subpar in some theoretical sense" but rather that

Defendants' acts or omissions "hindered his efforts to pursue a legal claim."  *Id.* at 351.

Plaintiff has failed to provide evidence in support of this claim that would justify a jury

returning a verdict in his favor, and as a result the Court must enter judgment in favor of

Defendants.  Plaintiff has not submitted any affidavits or other evidence that suggests that he was

unable to obtain legal materials, much less that this inability has hindered his efforts to pursue

any particular legal claim.  Once again, Fed. R. Civ. P. 56 requires that Plaintiff come forward

with evidence sufficient to support a finding on an element for which he will bear the burden of

proof at trial.  As he has not done so, the Court will enter summary judgment in Defendants'

favor.

CONCLUSION

For the foregoing reasons, IT IS, this 20th day of December 2010,

ORDERED that Defendants' Motion for Summary Judgment [docket # 30] is GRANTED; and it is further

ORDERED that Plaintiff's Motion for Summary Judgment [docket #33] is DENIED; and it is further

ORDERED that JUDGMENT be entered in favor of Defendants and against Plaintiff on all claims; and it is further

ORDERED that this case is CLOSED.


_/s/ Anne E. Thompson_____
ANNE E. THOMPSON, U.S.D.J.